# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5490 | **DATE** | 9/15/2003 |
| **CASE TITLE** | Hall vs. City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for partial summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 41 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

DOCKETED
SEP 1 6 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILLER HALL, as special administrator of the estate of FRED HALL, Deceased, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, GLENN EVANS, )<br>and UNKNOWN POLICE OFFICERS, )<br>)<br>Defendants. ) | No. 00 C 5490 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendants Sergeant Glenn Evans and the City of Chicago ("the City") have moved for partial summary judgment. For the reasons set forth below, Defendants' motion is granted.

### FACTUAL BACKGROUND

On March 11, 2000, Sergeant Evans was conducting a narcotics investigation at 4525 South Federal in Chicago, pursuant to a standing order to investigate criminal activity at that location. (*See* R. 38-1, Def.'s L.R. 56.1(a)(2) Stmt. ¶¶11, 12). The building located there has one of the highest violent crime rates within its district. (*Id.* ¶ 13). The district itself has the City's highest violent crime rate. (*Id.*). Narcotics activity occurs daily at the building with "dope lookouts" yelling warnings when police arrive. (*Id.* ¶14).

Plaintiff Fred Hall[1] resided at his sister's apartment located at 11331 South King Drive in

---

[1] Fred Hall brought this action against the Defendants. Miller Hall, as special administrator of the estate of Fred Hall, recently became the named Plaintiff in this case given Fred Hall's death. When referring to Plaintiff, this opinion refers to Fred Hall.



Chicago. (*Id.* ¶3). Plaintiff's sister, Adlean Givens, and Lawrence Givens both resided at 4525 South Federal in different apartments. Neither Adlean Givens nor Lawrence Givens had any plans to meet with Hall on March 11, 2000. (*Id.* ¶8, 9). Additionally, neither of them expected Hall to visit them at their apartments that day. (*Id.* ¶ 8, 9).

When Sergeant Evans approached 4525 South Federal on March 11, 2000, he saw Hall look in his direction and yell "police are coming, clean up." (*Id.* ¶15). Upon entering the building, Sergeant Evans observed Hall take one or two steps away while other individuals were running away from the police in various directions. (*Id.* ¶16). Some of these individuals running from the police more than likely sold narcotics. (*Id.* ¶17).

After entering 4525 South Federal, Sergeant Evans saw Hall on the ground. (*Id.* ¶18). After picking Hall up, Sergeant Evans conducted a protective pat down search of him. (*Id.* ¶19). Hall then told Sergeant Evans that he did not live in the building. He never said that a resident of the building had invited him there.

Sergeant Evans then handcuffed Hall and transported him to the police station. (*Id.* ¶23). Evans issued Hall a citation for trespass and disorderly conduct. (*Id.* ¶24). That citation instructed Hall to appear at a hearing on May 2, 2000 at the Department of Administrative Hearings (*Id.* ¶¶26, 28). Hall signed the citation acknowledging receipt. (*Id.* ¶25). Hall, however, failed to appear for the hearing on May 2, 2000, and was found liable for trespass and disorderly conduct. (*Id.* ¶29). Hall failed to take any action concerning the citation other than providing it to a paralegal. (*Id.* ¶30).

Hall thereafter filed this lawsuit claiming that he was physically abused by Sergeant

2

Evans and other "unknown police officers." Plaintiff filed an eleven count complaint against the City, Sergeant Glenn Evans and unknown police officers alleging that they had violated his civil rights. Specifically, Count I alleges that Evans violated Hall's constitutional rights through intentional physically abuse, illegal search and seizure and unlawful detention. Count II alleges that Evans violated Hall's civil rights while acting under color of law through intentional physical abuse, illegal search and seizure and detention, in violation of 42 U.S.C. §1983. Count III alleges battery against Evans. Count IV alleges intentional infliction of emotional distress against Evans. Count V alleges false imprisonment against Evans. Count VI alleges a violation of Plaintiff's constitutional rights by "unknown police officers." Count VII alleges that the unknown police officers violated Hall's civil rights. Count VIII alleges battery against the unknown police officers. Count IX alleges intentional infliction of emotional distress against the unknown police officers. Count X alleges false imprisonment against the unknown police officers. Finally, Count XI alleges that the City is liable for the "willful and wanton misconduct" of the Defendant officers under respondeat superior.

Evans and the City have moved for partial summary judgment on all claims of illegal search and seizure and unlawful detention contained in Counts I, II, IV and V, for summary judgment in favor of the unknown officers on Count VI through Count X and for summary judgment in favor of the City on the respondeat superior claim of Count XI.

## ANALYSIS

I. **Legal Standard**

A. **Summary Judgment**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). The Court "considers the evidentiary record in the light most favorable to the non-moving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). In doing so, the Court accepts the non-moving

party's version of any disputed fact but only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

### B. Local Rule 56.1

Local Rule 56.1 sets forth specific requirements for the party moving for summary judgment, as well as the non-moving party. It directs the moving party to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Local Rule 56.1(a)(3). The party opposing the summary judgment motion must respond to each of the purported undisputed facts with "a concise response to the movant's statement." Local Rule 56.1(b)(3)(A). The Local Rules specifically state that "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." Local Rules 56.1(b)(3)(B). Given that Plaintiff did not file any response to Defendants' motion or *any* of its material facts, Defendants' Rule 56.1 statements are deemed admitted unless they are unsupported by the evidence or contradict each other. "A district court need not scour the record to make the case of a party who does nothing." *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989).

## II. Claims Alleging That Sergeant Evans Illegally Searched And Seized And Unlawfully Detained Hall

Evans argues that he is entitled to summary judgment on Plaintiff's claims premised on unlawful detention and false arrest because he had probable cause to arrest Hall. A plaintiff cannot maintain a Section 1983 claim for false arrest where probable cause to arrest actually existed. *Juriss v. McGowan*, 957 F.2d 345, 349 n. 1 (7th Cir. 1992) (citing *Schertz v. Waupaca*

5

*County*, 875 F.2d 578, 582 (7th Cir. 1989)). In such an instance the plaintiff cannot establish the necessary element of a predicate constitutional violation. *Id.* Similarly, probable cause is an absolute bar to a claim for false imprisonment. *Martel Enter. v. City of Chicago*, 584 N.E.2d 157, 161 (Ill. App. Ct. 1991). Therefore, if Sergeant Evans had probable cause to arrest Plaintiff, Plaintiff's federal claims based on unlawful detention and false arrest and his state claim of false imprisonment fail.

Probable cause to arrest exists when, at the time the officer arrested the suspect, the facts and circumstances within the officer's knowledge were sufficient for the officer to form a reasonable belief that an offense had been committed. *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir.1999). The arresting officer need only demonstrate "a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Gilbert*, 45 F.3d 1163, 1166 (7th Cir. 1995) (quotations omitted). Probable cause does not have to be premised on evidence sufficient to support a conviction and it does not require proof that the officer's belief is more likely true than false. *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989); *see also Lanigan v. Village of East Hazel Crest, Ill.*, 110 F .3d 467, 473 (7th Cir. 1997) (summary judgment is appropriate "when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them.").

Here, the undisputed facts show that Evans had probable cause to arrest Plaintiff. Evans issued Hall a citation for disorderly conduct and trespassing on property. In the City of Chicago, a "person commits disorderly conduct when he knowingly: (a) Does any act in such unreasonable manner as to provoke, make or aid in making a breach of peace; or (b) Does or makes any

unreasonable or offensive act, utterance, gesture or display which, under the circumstances, creates a clear and present danger of a breach of peace or imminent threat of violence." Municipal Code of Chicago § 8-4-010. When Evans arrived at 4525 South Federal on March 11, 2000, he was investigating narcotics trafficking in a known narcotics area. Further, as Evans knew, the building had one of the highest violent crime rates within a district generally known for violent crimes. When Evans approached the building, Hall yelled "police are coming, clean up." Evans subsequently saw Hall on the ground. Given the undisputed known drug activity at the building and Plaintiff telling others to "clean up" because the police were coming, Evans had probable cause to believe that Hall was engaging in disorderly conduct.[2] In light of all the uncontested facts, Evans also had probable cause to believe that Hall was participating in drug activity by aiding drug dealings in the building to elude police.

Given that Evans had probable cause to arrest Hall, he had the authority to search him. *See United States v. Childs*, 277 F.3d 947, 952 (7th Cir. 2002) ("[A] person stopped on probable cause may be searched fully, while a person stopped on reasonable suspicion may be patted down but not searched"). In light of the high violent crime rate at the building, the narcotics investigation and Hall's actions, Evans certainly had the authority to pat Hall down for the purpose of protecting his safety. *Id. See generally Terry v. Ohio*, 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Accordingly, partial summary judgment is entered for Defendant on all claims of illegal search and seizure and unlawful detention contained in Counts I and II.

---

[2] Given that Evans had probable cause to arrest Hall for disorderly conduct, the Court need not address the trespassing issue.

Summary judgment is also granted for Defendant Evans on Count V in its entirety.[3]

## III. Intentional Infliction Of Emotional Distress

Sergeant Evans seeks summary judgment on Count III, alleging intentional infliction of emotion distress. Under Illinois law, a claim of intentional infliction of emotional distress requires proof of each of the following elements: (1) "the conduct involved must be truly extreme and outrageous;" (2) "the defendant must either intend the infliction of emotional distress or know that there is a high probability that his conduct will result in such distress;" and (3) "the conduct must in fact cause severe emotional distress." *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 660 (7th Cir. 2001) (citing *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). Further, the emotional distress must be "so severe that no reasonable man could be expected to endure it." *Id.*

Here, Plaintiff has not put forth any evidence that Evans' conduct was truly extreme or outrageous. Additionally, Hall has not shown that Evans' conduct caused the alleged emotional distress. Moreover, there is no evidence that Plaintiff had any severe emotional distress. The only evidence of any psychological issue is Plaintiff's complaint that he could not sleep at night, had dreams, and had nightmares. (*See* R. 38-1, Def.'s L.R. 56.1(a)(2) ¶33). He admitted these sleep-related problems went away in 2001. (*Id.* ¶34). Furthermore, Plaintiff never sought any professional treatment for these complaints or any emotional problems arising out of this incident. (*Id.* ¶¶ 31, 32). Accordingly, Defendant is entitled to summary judgment on Count III.

---

[3] Evans also argued that he was entitled to summary judgment on the grounds of collateral estoppel and qualified immunity. Because the Court grants his motion because probable cause existed to arrest Hall, the Court need not address these arguments.

## IV. The Unknown Police Officers

Counts VI through X allege that "unknown police officers" violated Hall's constitutional and civil rights. They also allege that these "unknown police officers" committed battery, intentionally inflicted emotional distress and falsely imprisoned Plaintiff. After years of discovery and the recent filing of a Third Amended Complaint, Plaintiff has failed to identify any of these officers.

Section 1983 does not contain a statute of limitations provision. Courts therefore look to the personal injury laws of the state where the injury occurred to determine the application statute of limitations in a Section 1983 case. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct.1938, 1949, 85 L.Ed.2d 254 (1985). There is a two-year statute of limitations for personal injury claims in Illinois. *See* 735 ILCS 5/13-202. Therefore, a two-year limitation period also applies to Hall's Section 1983 claims. *See Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). The incident in question occurred on March 11, 2000, and thus the two year statute of limitations for the Section 1983 claims against the unknown police officers has expired. Similarly, the statute of limitations on the claims on battery, false imprisonment and intentional infliction of emotional distress have also expired. Accordingly, Counts VI through X are dismissed with prejudice.

## V. The City of Chicago

Defendant City of Chicago also seeks summary judgment on Count XI of the complaint on the ground that it cannot be held liable for claims dismissed against Sergeant Evans. The Court agrees. Count XI is premised on respondeat superior liability for the actions of the defendant officers. "A local public entity is not liable for an injury resulting from an act or

omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (2000). The City therefore is not liable since Evans and the unknown police officers are not liable.

## CONCLUSION

The Court grants Defendants' motion for partial summary judgment.

DATED: September 15, 2003          ENTERED:

                                                            _____
                                                            AMY J. ST. EVE
                                                            United States District Court Judge